UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

DR. ROBERT W. MALONE,

    Plaintiff,

v.

WP COMPANY LLC,
D/B/A THE WASHINGTON POST,

    Defendant.

Case No. 3:22-cv-00046

## THE WASHINGTON POST'S MOTION TO STAY PROPOSED PRETRIAL ORDER DEADLINES

WP Company LLC, d/b/a The Washington Post, by its undersigned counsel, hereby moves the Court to stay discovery and all deadlines in the Pretrial Order pending a ruling on the Post's pending Motion to Dismiss, which is case dispositive for multiple alternative reasons. Good cause exists for the stay:

1. On August 19, 2022, Plaintiff Dr. Robert W. Malone filed this lawsuit against the Post. The Complaint alleges that the Post defamed Dr. Malone in ten statements published in an Article titled, "A vaccine scientist's discredited claims have bolstered a movement of misinformation." Compl. ¶ 1, ECF No. 1. The Complaint asserts causes of action for defamation, defamation by implication, and insulting words.

2. On November 7, 2022, after timely waiving service, the Post moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Virginia's anti-SLAPP statute, Va. Code Ann. § 8.01-223.2. *See* ECF No. 9. In support of its motion to dismiss, the Post argued that the Complaint should be dismissed with prejudice for failure to state a claim for three independently sufficient reasons: (1) the statements Dr. Malone challenges are constitutionally

protected, nonactionable opinion; (2) even if the statements were not protected opinion, they are substantially true; and (3) Dr. Malone cannot plausibly allege that the Post published a defamatory falsehood with actual malice. The Post also argued that it is entitled to immunity against Dr. Malone's claims pursuant to Virginia's anti-SLAPP statute. *See* ECF No. 10.

3. On November 14, 2022, the Court entered a proposed Pretrial Order, which states, in relevant part: "The court proposes the following as a pretrial order pursuant to Federal Rule of Civil Procedure 16(b). If no party files a motion requesting changes within 10 days, it will constitute the scheduling order in this case." ECF No. 11, at 1. The Pretrial Order sets a number of imminent deadlines calculated from the date of the order's entry, including, among other deadlines, the requirement to contact the scheduling clerk within 14 days to set a trial date, to hold a conference pursuant to Federal Rule of Civil Procedure 26(f) within 14 days, to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) within 30 days, for Dr. Malone to make his initial expert disclosure within 75 days, and for the Post to make its initial expert disclosure within 90 days. These deadlines should be stayed pending resolution of the Post's Motion to Dismiss.

4. The decision whether to stay discovery pending determination of a dispositive motion is an exercise of the court's discretion. *White v. Clarke*, 2022 WL 5265160, at *1 (W.D. Va. Oct. 6, 2022). "In determining whether to issue a stay in this circumstance, the court considers factors such as '[1] the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, [2] strong support for the dispositive motion on the merits, and [3] irrelevancy of the discovery at issue in the dispositive motion.'" *Id.* All three factors weigh heavily in favor of granting a stay here.

5.      *First*, the Post's motion to dismiss raises dispositive legal issues that would result in the dismissal of all claims in this case with prejudice. *See* ECF No. 9. "[T]he interests of judicial economy favor reducing the burden of discovery on parties when the motion to dismiss raises potentially dispositive legal issues and 'the resolution of which may obviate the need for or limit discovery in th[e] case.'" *Blankenship v. Trump*, 2020 WL 748874, at *4 (S.D. W. Va. Feb. 13, 2020) (staying discovery pending resolution of a motion to dismiss in a defamation case); *see, e.g.*, *Rivers v. United States*, 2020 WL 1469475, at *1 (W.D. Va. Jan. 24, 2020) (granting stay in light of pending dispositive motion, emphasizing that "staying discovery now is 'an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources' in this case"). And courts are particularly wary of premature discovery in libel cases, to prevent discovery costs in frivolous cases from deterring free speech. *See Edwards v. Schwartz*, 378 F. Supp. 3d 468, 500 (W.D. Va. 2019) ("[B]ecause the defense of baseless defamation claims imposes an additional cost, in the form of potentially deterred speech, federal courts have historically given close scrutiny to pleadings in libel actions."); 2 Robert D. Sack, Sack on Defamation: Libel, Slander, and Related Problems, § 14:1.1 (5th ed. 2017) (emphasizing that that the burdens of discovery have "special significance in libel litigation, where the costs of litigation, in both time and money, are considerations that at least in part led to constitutional limits in the first place"). A stay can "mitigate these free speech concerns to ensure that the case has merit before proceeding further." *Blankenship*, 2020 WL 748874, at *4; *see also, e.g.*, *Edwards*, 378 F. Supp. 3d at 478 n.2 (explaining that discovery had been stayed pending resolution of the motion to dismiss, which was granted).

6.      *Second*, for the reasons set forth in the Post's memorandum of law in support of its motion to dismiss, there is strong support for the Post's motion on the merits. *See generally* ECF

3

No. 10. The Post asserted three independently sufficient reasons why the case must be dismissed. *Id.* In addition, a stay is particularly appropriate here in light of the Post's immunity from suit under Virginia's anti-SLAPP statute. *See id.*; Va. Code § 8.01-223.2(A). Discovery at this early stage would thwart the purpose behind this immunity, which is "to weed out and deter lawsuits brought for the improper purpose of harassing individuals who are exercising their protected right to freedom of speech." *Fairfax v. CBS Corp.*, 2 F.4th 286, 296 (4th Cir. 2021); *see also Lescs v. Martinsburg Police Dep't*, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (holding that district court properly refused to allow discovery where Defendants' motion "rais[ed] sovereign and qualified immunity issues").

7. *Third*, discovery is not relevant to the Post's dispositive motion, which raises threshold legal issues for the Court to resolve pursuant to Federal Rule 12(b)(6), the First Amendment, and Virginia's Anti-SLAPP statute.

8. Accordingly, the Post respectfully requests that the Court enter an order staying discovery and all deadlines in the Pretrial Order pending a ruling on the Post's motion to dismiss. *See Edwards*, 378 F. Supp. 3d at 478 n.2 (explaining that a stay motion had been granted); *see also, e.g.*, *White*, 2022 WL 5265160, at *1 (staying discovery pending resolution of dispositive motion); *Scott v. Wise Cnty. Dep't of Soc. Servs.*, 2021 WL 609251, at *3 (W.D. Va. Feb 16, 2021) (same); *Morris v. Fletcher*, 2016 WL 7744451, at *2 (W.D. Va. Nov. 16, 2016) (same); *Treadwell v. Murray*, 878 F. Supp. 49, 51 (E.D. Va. 1995) (same).

9. On November 19, 2022, counsel for the Post contacted counsel for Dr. Malone to seek his position on the relief requested herein. On November 20, 2022, counsel for the Post contacted counsel for Dr. Malone again. Counsel for Dr. Malone acknowledged receipt and stated

4

he would confirm his position by November 23. However, counsel for Dr. Malone never responded.

Dated:  November 25, 2022

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:   /s/ *Perry F. Austin*

Thomas G. Hentoff (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
Perry F. Austin (VSB No. 93373)

680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
paustin@wc.com

*Counsel for WP Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2022, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

/s/ *Perry F. Austin*
*Counsel for WP Company LLC*