UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

DR. ROBERT W. MALONE,

        Plaintiff,

v.

                                      Case No. 3:22-cv-00046

WP COMPANY LLC,
D/B/A THE WASHINGTON POST,

        Defendant.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
THE WASHINGTON POST'S MOTION TO DISMISS**

WILLIAMS & CONNOLLY LLP

Thomas G. Hentoff (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
Perry F. Austin (VSB No. 93373)

680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
paustin@wc.com

*Counsel for WP Company LLC*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

ARGUMENT ......................................................................................................................3

I.    The Complaint Fails To State a Claim for Defamation or Defamation by
      Implication. ..............................................................................................................3

      A.    The Challenged Statements Are Protected Opinion. ...............................3

            1.    Dr. Malone Does Not Contest that Courts Cannot Resolve Medical
                  or Scientific Disputes in Defamation Actions..............................3

            2.    The Challenged Statements Are Not "Demonstrably False"
                  Statements of Fact that Are Subject to "Objective Verification."..............5

      B.    The Challenged Statements Are Substantially True. ...............................9

      C.    The Complaint Fails to Plausibly Allege that the Post Published the
            Challenged Statements with Actual Malice. ........................................10

            1.    Dr. Malone Concedes He Is a Limited-Purpose Public Figure.................10

            2.    The Complaint Fails to Plausibly Allege that the Post Published the
                  Article with Actual Malice.......................................................10

            3.    The Complaint Fails to Plausibly Allege that the Post Republished
                  the Article with Actual Malice. ................................................12

      D.    Fourth Circuit Precedent Forecloses Dr. Malone's Libel by Implication
            Claim. ...................................................................................................12

II.   The Complaint Fails To State a Claim for Insulting Words. ...........................13

III.  The Post Is Immune from Suit Pursuant to Virginia Law. ..............................14

CONCLUSION...................................................................................................................15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Agbapuruonwu v. NBC Subsidiary (WRC-TV), LLC*, 821 F. App'x 234
(4th Cir. 2020) (per curiam) ................................................................................ 3, 13

*Arthur v. Offit*, 2010 WL 883745 (E.D. Va. Mar. 10, 2010) ......................................... 4

*Biospherics, Inc. v. Forbes, Inc.*, 151 F.3d 180 (4th Cir. 1998) ................................... 8

*Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087 (4th Cir. 1993) ............................. *passim*

*Cheng v. Neumann*, 51 F.4th 438 (1st Cir. 2022) ......................................................... 6

*Coleman v. Grand*, 523 F. Supp. 3d 244 (E.D.N.Y. 2021) .......................................... 8

*Edwards v. Schwartz*, 378 F. Supp. 3d 468 (W.D. Va. 2019) ................................. 8, 13

*Fairfax v. CBS Broad. Inc.*, 534 F. Supp. 3d 581 (E.D. Va. 2020) ........................ 3, 15

*Fairfax v. CBS Corp.*, 2 F.4th 286 (4th Cir. 2021) ........................................ 2, 3, 10, 15

*Goulmamine v. CVS Pharmacy, Inc.*, 138 F. Supp. 3d 652 (E.D. Va. 2015) .............. 14

*Guggenheimer Health & Rehab. Ctr. v. Cary*, 2018 WL 1830736
(W.D. Va. Apr. 17, 2018) ..................................................................................... 5, 9

*Harvey v. CNN*, 48 F.4th 257 (4th Cir. 2022) ......................................................... 2, 10

*Jackson v. Middle Peninsula N. Neck Cmty. Servs. Bd.*, 2017 WL 216701
(E.D. Va. Jan. 18, 2017) ............................................................................................ 14

*Lokhova v. Halper*, 995 F.3d 134 (4th Cir. 2021) ...................................................... 13

*Mayfield v. NASCAR*, 674 F.3d 369 (4th Cir. 2012) .................................................. 10

*Mirafuentes v. Estevez*, 2015 WL 8177935 (E.D. Va. Nov. 30, 2015) ....................... 13

*N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964) .................................................... 2, 10

*Nunes v. WP Co., LLC*, 2020 WL 2616707 (E.D. Va. May 22, 2020) ....................... 15

*Nunes v. WP Co., LLC*, 513 F. Supp. 3d 1 (D.D.C. 2020) .......................................... 15

*Nunes v. WP Co., LLC*, 2021 WL 3550896 (D.D.C. Aug. 11, 2021) ........................... 8

*ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490 (2d Cir. 2013) ................. 4

*Potomac Valve & Fitting Inc. v. Crawford Fitting Co.*, 829 F.2d 1280
(4th Cir. 1987) ................................................................................................... 13

*Project Veritas v. Leland Stanford Junior Univ.*, 2022 WL 1555047
(W.D. Wash. May 17, 2022) ............................................................................ 6, 7

*Rosenthal v. R.W. Smith Company*, 260 F. Supp. 3d 588 (W.D. Va. 2017) ................................. 7

*United States v. Bryant*, 2022 WL 1094731 (W.D. Va. Apr. 12, 2022) ................................... 2, 9

*Waddle v. Claughton*, 2019 WL 1049388 (W.D. Va. Mar. 5, 2019) ........................................ 14

## STATE CASES

*Ingles v. Dively*, 435 S.E.2d 641 (Va. 1993) ................................................................. 7

*Pendleton v. Newsome*, 772 S.E.2d 759 (Va. 2015) ....................................................... 2, 12, 13

*Will Nesbitt Realty, LLC v. Jones*, 2018 WL 2035956 (Va. Cir. Ct. Apr. 30, 2018) ................... 15

## STATUTES

Va. Code Ann. § 8.01-45 ................................................................................... 3, 13

Va. Code Ann. § 8.01-223.2 .............................................................................. 3, 15

# INTRODUCTION

Plaintiff Dr. Robert Malone's opposition brief lacks any response to the multiple alternative grounds for the Post's Rule 12(b)(6) motion that is sufficient to avoid dismissal. Failing to engage with the Post's dispositive arguments and authority in any meaningful way, the opposition instead relies on conclusory assertions of liability that are insufficient as a matter of law. The case should be dismissed for any or all of the following independent reasons:

First, Dr. Malone's defamation claims, and by extension his other claims, should be dismissed because the ten challenged statements in the Article about his anti-vaccine advocacy are incapable of being provably shown to be true or false in a court of law and are therefore nonactionable opinion. *See* Mtn. at 11-16. Dr. Malone fails to respond to the key observation in *Immanuel v. CNN* underlying that court's recent dismissal on opinion grounds: "[c]ourts do not use defamation law to decide or cut short arguments over unsettled questions of what medication best or most safely prevents or treats disease." 2022 WL 3030290, at *4 (S.D. Tex. Aug. 1, 2022) (citing cases); *see* Mtn. at 12-14. *Immanuel* accordingly dismissed a defamation claim alleging that CNN "defamed [the plaintiff physician] by covering her statements advocating and promoting HCQ to treat COVID and by criticizing her views as disinformation supporting harmful medical treatments." *Id.* The same principle compels dismissal of this case.

Second, the defamation claim should be dismissed because even if the statements were not considered to be protected opinion, they would be substantially true. *See* Mtn. at 17-19. Dr. Malone does not contest that the Court can take judicial notice of CDC guidance discussed in the Article which established that the covid vaccines "provide strong protection against hospitalization." Mtn. at 17-18. Dr. Malone fails to even acknowledge this CDC guidance, much less the recent case in which this Court previously took judicial notice of similar guidance, holding

that it established that the vaccines are "highly effective . . . including against emerging variants." *United States v. Bryant*, 2022 WL 1094731, at *4 (W.D. Va. Apr. 12, 2022).

Third, Dr. Malone concedes in his opposition that he is a limited-purpose public figure. Opp. at 18 n.7. His defamation claim must therefore be dismissed because he cannot plausibly establish that the Post published the challenged statements in the Article with "'actual malice'— that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964); *see* Mtn. at 23-27. But Dr. Malone responds with nothing more than conclusory assertions regarding the Post's state of mind which are insufficient as a matter of law. As multiple Fourth Circuit cases have confirmed, such "naked assertions devoid of further factual enhancement that [the Post] has failed to observe journalistic standards, conceived a storyline in advance and sought to find evidence to confirm that story, and relied on unreliable or biased sources in researching a purportedly defamatory article, fail to plausibly allege malice." *Harvey v. CNN*, 48 F.4th 257, 273 (4th Cir. 2022) (cleaned up); *see also, e.g.*, *Fairfax v. CBS Corp.*, 2 F.4th 286, 293-96 (4th Cir. 2021).

Dr. Malone's defamation by implication claim should be dismissed for these same reasons. *See* Mtn. at 27-29. In addition, it also fails because he cannot make the additional "especially rigorous showing" that is required by the First Amendment to support such a claim, by establishing that the Post intended and endorsed the allegedly defamatory inference. *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092-93 (4th Cir. 1993). Dr. Malone's only response is the incorrect assertion that *Chapin* is no longer binding because the Virginia Supreme Court supposedly "considered and expressly rejected" a heightened pleading requirement for implication claims in *Pendleton v. Newsome*, 772 S.E.2d 759 (Va. 2015). *See* Opp. at 23. He fails to acknowledge that the Fourth Circuit already has rejected this very argument, explaining that *Pendleton* was a private figure case

that applies only in cases "*not* involving public figures, issues of public concern, or press." *Agbapuruonwu v. NBC Subsidiary (WRC-TV), LLC*, 821 F. App'x 234, 241 (4th Cir. 2020) (per curiam) (emphasis added), *cert. denied*, 141 S. Ct. 1393 (2021).

Dr. Malone's claim under Virginia's "insulting words" statute also fails for the same reasons as the defamation claim. *See* Mtn. at 29-30. And in any event, the opposition does not and cannot identify any statements in the Article that would "tend to violence and breach of the peace." Va. Code Ann. § 8.01-45.

The Post's Motion should be granted for the additional reason that the Post is immunized against suit pursuant to the Virginia Anti-SLAPP statute. *See* Va. Code Ann. § 8.01-223.2; *see* Mtn. at 30. Dr. Malone has now brought three different lawsuits in which he has sought to use litigation as a cudgel against his critics, including two in this Court. The statute was designed to "weed out and deter" such lawsuits, which can otherwise chill free speech. *Fairfax*, 2 F.4th at 296. Here, because Dr. Malone fails to plausibly establish that the Post published with actual or constructive knowledge of falsity, he has failed "to allege facts that make plausible that the statements are outside the immunity conferred under Section 8.01-223.2." *Fairfax v. CBS Broad. Inc.*, 534 F. Supp. 3d 581, 596 (E.D. Va. 2020).

The case should be dismissed with prejudice.

## ARGUMENT

**I.      The Complaint Fails To State a Claim for Defamation or Defamation by Implication.**

**A.      The Challenged Statements Are Protected Opinion.**

**1.      Dr. Malone Does Not Contest that Courts Cannot Resolve Medical or Scientific Disputes in Defamation Actions.**

Dr. Malone does not substantively respond to the Post's first argument for dismissal: that the challenged statements are constitutionally protected opinion because courts do not resolve

medical or scientific disputes in the context of a defamation action. *See* Mtn. at 12-14. This argument independently requires dismissal of the case.

The Post's Motion cited the well-established rule that plaintiffs cannot recover in a defamation action arising out of criticism of their views in an ongoing medical or scientific debate. Mtn. at 12-14 (citing cases); *see ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 492 (2d Cir. 2013) ("As a matter of law, statements of scientific conclusions about unsettled matters of scientific debate cannot give rise to liability for damages sounding in defamation."); *Immanuel*, 2022 WL 3030290, at *4 ("Courts do not use defamation law to decide or cut short arguments over unsettled questions of what medication best or most safely prevents or treats disease."). Thus, while Dr. Malone "may wish to defend in Court the credibility of [his] conclusions about the dangers of vaccines, the validity of the evidence [he] offers in support of those theories, and the policy choices that flow from those views—as well as [his] own credibility for having advanced those positions," these "are academic questions that are not the sort of thing that courts or juries resolve in the context of a defamation action." *See Arthur v. Offit*, 2010 WL 883745, at *6 (E.D. Va. Mar. 10, 2010).

While Dr. Malone does address *Arthur* in a different context, he does not contest the rule that medical or scientific disputes cannot form the basis of a defamation action. *See* Opp. at 17. He tries to distinguish *Arthur* on factual grounds, but the attempt fails. He contends the statements in the Article are not "plainly understood as an outpouring of exasperation and intellectual outrage" or "an imaginative expression of the contempt felt toward [an] adversary." Opp. at 17. But even if that were a basis to distinguish *Arthur* from this case, the point is inapposite, because it ignores the rule at issue (which has nothing to do with imaginative expression). And in any case, the argument is also wrong; the Article in fact quotes multiple participants in the debate over the

efficacy of the covid vaccines, both including those with hostile views against Dr. Malone, as well as his supporters.  *See* Mtn. at 6-7.

As for *Immanuel*, Dr. Malone ignores the case, even though it was litigated by his own counsel here.  In that case, a physician claimed that CNN's coverage "defamed her" "by criticizing her views as disinformation supporting harmful medical treatments" for covid.  2022 WL 3030290, at *4.  But the court dismissed the complaint, emphasizing that "Statements of different, even conflicting, opinions, about unsettled matters of scientific or medical treatment that are the subject of ongoing public debate and deep public interest, cannot give rise to defamation claims."  *Id.*

That rule controls this case, and Dr. Malone does not contest it.  Indeed, in the face of the Post's authority (including multiple other cases, *see* Mtn. at 12-14), Dr. Malone fails to identify even a single case in which a court allowed a plaintiff to proceed on a defamation theory arising out of a publication's assertion that the plaintiff's views regarding a matter of scientific or medical debate were wrong.  But that is exactly what Dr. Malone is complaining about here—criticism that his views were misinformation, or wrong.  In short, there is no substantive dispute in the opposition brief that the rule asserted by the Post governs this case and compels dismissal on the merits.

In addition, by failing to substantively respond to the Post's argument on this dispositive point, Dr. Malone "has conceded the issue," and the case should be dismissed.  *See Guggenheimer Health & Rehab. Ctr. v. Cary*, 2018 WL 1830736, at *3 (W.D. Va. Apr. 17, 2018) (holding that the plaintiff "ha[d] conceded the issue by not contesting it in its response brief").

### 2.     The Challenged Statements Are Not "Demonstrably False" Statements of Fact that Are Subject to "Objective Verification."

The Post's Motion analyzed each of the ten challenged statements and explained why each is nonactionable opinion.  *See* Mtn. at 15-16.  In response, the opposition fails to analyze any of

the statements individually, and fails to establish that any of the statements are capable of objective verification such that they could support a claim for defamation.

Statements 1 to 5, 8 and 10 asserted versions of the idea that Dr. Malone's claims that the covid vaccines were not working constitute "misinformation," are "unfounded," and have been "discredited." *See* Compl. ¶ 8; Mtn. at 15. Dr. Malone asserts four arguments about these statements, but none is legally sufficient to avoid dismissal.

First, Dr. Malone begins with an erroneous argument that assertions of "misinformation" may be actionable statements about professional plaintiffs. Opp. at 13. However, he ignores the Post's multiple authorities showing that such assertions have repeatedly been held to be non-verifiable nonactionable opinion. *See* Mtn. at 15 (citing cases); *see also, e.g., Cheng v. Neumann*, 51 F.4th 438, 447 (1st Cir. 2022) (affirming dismissal, holding that assertion by the Maine Beacon that plaintiff newspaper had "promoted anti-vaccine misinformation" is "nonactionable opinion"); *Project Veritas v. Leland Stanford Junior Univ.*, 2022 WL 1555047, at *7 (W.D. Wash. May 17, 2022) (emphasizing that "the statement that the Video Report is 'misleading' or constitutes 'disinformation' is capable of many interpretations and thus cannot be proven true or false").

Instead, Dr. Malone cites three cases involving the word "misinformation" that do not actually support his position. He cites *Project Veritas v. CNN*, but the court's opinion in that case did not analyze whether an assertion of "misinformation" is verifiable or nonactionable opinion; it dismissed the plaintiff's claims on other grounds. 591 F. Supp. 3d 1322, 1331-34 (N.D. Ga. 2022) (granting motion to dismiss on substantial truth grounds because the plaintiff had been suspended from Twitter for violating a policy materially similar to the one reported); *see also Klayman v. CNN*, 2022 WL 3031265, at *3 (S.D. Fla. June 22, 2022) (granting motion to dismiss on multiple grounds, including because the complaint was a "shotgun pleading"). And Dr.

Malone's reliance on the decision in *Peterka v. Setter* is misplaced because the court there did not say anything about whether calling a statement "misinformation" is actionable.  2020 WL 12604754, at *1 (W.D. Pa. 2020).  The court did not analyze whether any of the multiple statements at issue were verifiable.  Further, the challenged publications in that case said not only that the plaintiff spread "misinformation" but also that the plaintiff had "commit[ted] fraud," *id.*, which did not happen here.

Dr. Malone also cites five other cases for the proposition that statements that "could be construed to either imply or to state directly that plaintiff lacks integrity or is unfit for her profession" can give rise to a defamation claim.  *See* Opp. 15-16.  But there is no such statement in the Article, and the alleged implication ignores that the Article described Dr. Malone as "a brilliant scientist who has a tremendous amount of experience and knowledge about vaccines," with legions of supporters.  *See* Mtn. at 29.[1]

Second, Dr. Malone attempts to analogize this case to those in which the plaintiff has been accused of being a liar.  Opp. at 15-16 (citing *Ingles v. Dively*, 435 S.E.2d 641, 645-46 (Va. 1993); *Rosenthal v. R.W. Smith Company*, 260 F. Supp. 3d 588, 596 (W.D. Va. 2017)).  But here, the Post asserted only that Dr. Malone spread *misinformation*, not *disinformation*.  *See* Mtn. at n.11.[2]  The Article did not state that Dr. Malone engaged in intentional dishonesty or acted in bad faith.  *See*

---

[1] The Article also does not call Dr. Malone a "quack."  Opp. at 7.  Dr. Malone cannot state a claim on the basis of such alleged implications because, as discussed below, he cannot satisfy the heightened pleading requirements for such claims; they are not reasonable interpretations of the Article and Dr. Malone cannot show that the Post intended or endorsed them.  *See infra* Part I.D.

[2] This is not to say that an allegation of spreading "disinformation" is itself actionable, even before considering context.  Indeed, courts have found such statements to be nonactionable opinion.  *See, e.g.*, *Immanuel*, 2022 WL 3030290, at *4 (statement that plaintiff's views were "disinformation supporting harmful medical treatments" for covid was nonactionable opinion).  In any event, the Article did not anywhere use the term "disinformation," so the Court need not reach the issue.

Mtn. at 28.[3]  In any event, Dr. Malone's argument is directed at the defamatory meaning element, which is not contested here.  None of the cases he cites involve an applicable opinion analysis.

Third, Dr. Malone argues that the question of whether he "engaged in misinformation or disinformation is a matter that is subject to proof," including "through expert opinion testimony." Opp. at 14-15.  Again, Dr. Malone cites no authority to support his assertion, and ignores substantial authority holding that the determination of whether a statement is "misinformation" is nonactionable opinion.  *See, e.g.*, *Coleman v. Grand*, 523 F. Supp. 3d 244, 265 (E.D.N.Y. 2021) (accusation that plaintiff had "covertly spread misinformation" was nonactionable opinion).

Fourth, Dr. Malone argues that the challenged statements are not protected opinion because "this is not a case where the parties operate competing blogs and various social media accounts that they use 'to critique, ridicule, cast aspersions upon, and question each other's motives and/or intentions.'"  Opp. at 16 (quoting *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 510-11 (W.D. Va. 2019)).  But as the cases cited by the Post make clear, the protection for statements of opinion is not limited to those appearing in "blogs" and "social media accounts"; courts routinely find statements made in mainstream news outlets to be nonactionable opinion, including in multiple cases cited in the Post's Motion.  *See* Mtn. at 15-16.[4]  If such protection did not extend to the Post, it would be unable to report on contentious debates and controversies of the day, such as the debate over the proper medical treatment for covid.

---

[3] Dr. Malone's citation of *Nunes v. WP Co. LLC*, 2021 WL 3550896, at *4 (D.D.C. Aug. 11, 2021), Opp. at 15, is inapposite because that case did not involve an opinion defense.

[4] *See also, e.g.*, *Biospherics, Inc. v. Forbes, Inc.*, 151 F.3d 180, 184-85 (4th Cir. 1998) (holding that statements made in Forbes article "reflect[ed] the writer's subjective and speculative supposition"); *Chapin*, 993 F.2d at 1093 (holding that statements made in Philadelphia Inquirer article that plaintiffs' charity charged "hefty mark-ups" were nonactionable opinion); *Immanuel*, 2022 WL 3030290, at *4 (holding that the plaintiff "cannot bring a defamation claim on the basis of CNN's statements of its opinion about Dr. Immanuel's public support of a COVID treatment that many scientists had rejected").

And here, the Article did extensively quote both the sharp criticism and glowing praise that Dr. Malone had received in the wake of his comments about the efficacy of the covid vaccines. *See* Mtn. at 6-7.  For example, Statements 6, 7, and 9 were direct quotations of the subjective commentary of Dr. Malone's critics, such as the assertions that Dr. Malone's "newfound stardom could be a public health risk," and that he had "weaponized bad research."  *See* Mtn. at 9, 15-16. These are precisely the kinds of expressions of "exasperation and intellectual outrage" that Dr. Malone erroneously claims the Article lacks, *see* Opp. at 17, and which fall squarely in the heart of longstanding protection for statements of opinion, *see* Mtn. at 16.

### B.    The Challenged Statements Are Substantially True.

Even if the statements could be capable of objective verification, they still could not form the basis of a defamation claim because they could not be deemed materially false. *See Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993); Mtn. at 17-19.

The Post's Motion explained the "gist" or "sting" of statements 1 to 7, and 10 is substantially true because it is consistent with CDC guidance cited directly in the Article, which is subject to judicial notice by the Court.  Mtn. at 17-19.  In addition, the Court has previously recognized that the covid vaccines are "highly effective" based on CDC guidance. *See United States v. Bryant*, 2022 WL 1094731, at *4 (W.D. Va. Apr. 12, 2022) (citing a CDC report, "COVID-19 Vaccines Work," and denying a sentence reduction").  These reports render the statements in the Article regarding vaccine efficacy substantially true.

Dr. Malone does not contest the Post's argument that the Court can take judicial notice of the CDC's guidance.  Indeed, he does not even acknowledge the CDC guidance in his opposition brief.  Dr. Malone therefore has conceded the issue. *See Guggenheimer Health & Rehab. Ctr.*, 2018 WL 1830736, at *3.  The Court should take judicial notice of the CDC guidance cited in the Article and in the Post's Motion and hold that the statements are substantially true.  Mtn. at 17-19.

C.     **The Complaint Fails to Plausibly Allege that the Post Published the Challenged Statements with Actual Malice.**

1.     **Dr. Malone Concedes He Is a Limited-Purpose Public Figure.**

Dr. Malone concedes that he "is a limited-purpose public figure." Opp. at n.7. His claim must therefore be dismissed unless he can plausibly establish that the Post published the Article with "'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Sullivan*, 376 U.S. at 279-80. He has failed to make such a showing.

2.     **The Complaint Fails to Plausibly Allege that the Post Published the Article with Actual Malice.**

The Post's Motion emphasized that the Fourth Circuit has in multiple cases affirmed dismissals for failure to plausibly allege actual malice, and explained why they compel dismissal here. *See Harvey*, 48 F.4th at 274; *Fairfax*, 2 F.4th at 293; *Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir. 2012). The Post noted that the only actual malice allegation in the Complaint that was arguably not conclusory—that the Post had interviewed Dr. Malone at his farm—was demonstrably wrong. Mtn. at 25. Dr. Malone has no response. The opposition instead confirms that Dr. Malone's actual malice case rests entirely on three conclusory allegations that cannot support a claim under the binding precedent, which he ignores. *See* Mtn. at 19-20, 23-27.

First, Dr. Malone asserts that the Post somehow "knew from prior reporting" that his allegations about the covid vaccines "were 100% factual and correct." Opp. at 20. But he fails to support this conclusory allegation with any actual facts. Courts including the Fourth Circuit have repeatedly rejected such superficial pleading. *See, e.g.*, *Mayfield*, 674 F.3d at 378 (allegations that statements "were known by [the publisher] to be false at the time they were made" is insufficient). Dr. Malone's pleading failure is readily apparent here because he does not even attempt to connect his actual malice allegations "to the persons in the [news] organization having responsibility for the publication." *Fairfax*, 2 F.4th at 294 (quoting *Sullivan*, 376 U.S. at 287).

Dr. Malone does not (and cannot) point to any prior reporting by the Post's journalists responsible for the Article that would plausibly suggest that his contrarian views about the vaccines were right. To the contrary, the Article is clear that the Post had substantial, voluminous support for its assertion that his statements about the vaccines were *not* accurate. These included, for instance, CDC studies and statements, which validated the strength of the vaccines; numerous on-the-record interviews from scientific and medical experts who criticized Dr. Malone's views; a letter signed by "270 medical professionals" which warned against his "misinformation"; and numerous articles by reliable news sources which did as well. *See* Mtn. at 4-7, 24.

Second, Dr. Malone argues that the Post's sources were "unreliable" and "wildly biased." Opp. at 21. This allegation is conclusory; he fails to articulate a reason why any source cited by the Post was unreliable. And he does not contest the Post's argument that its "good faith reliance" on its reputable sources "*precludes* a finding of actual malice as a matter of law." Mtn. at 24.

Third, Dr. Malone's argument that given his "stature . . . the accusations of disinformation and misinformation are so highly improbable that only a reckless person would put them in circulation" is conclusory. Opp. at 21. It is also impossible to reconcile with the numerous reliable publications which have criticized his contrarian views, including, for example, the Associated Press, *Atlantic* magazine, Canadian Broadcasting Corporation, the group of 270 scientists and medical professionals who submitted a public letter, and even the CDC itself, which deemed his statements on the *Joe Rogan Experience* "misinformation." *See* Mtn. at 4-7, 18. Dr. Malone's position that all of these reliable sources are "reckless" is simply implausible.

Finally, Dr. Malone also fails to address two aspects of the Article that *undermined* his claim of actual malice. He ignores that the Article not only acknowledged his professional accolades, but also featured the perspectives of some of his supporters. Mtn. at 24-25. The Post's

inclusion of these favorable views weakens any claim of actual malice, because they establish the Post's clear effort to present a balanced perspective.  *See id.* at 25 (citing cases).

In addition, Dr. Malone cannot contest that the Post's attempts to interview him (which he declined), further render his claim implausible.  *See id*.  While Dr. Malone certainly had no obligation to be interviewed by the Post, the Post's express efforts to seek his input further undermine his implausible theory that the Post was acting with reckless disregard for the truth.

### 3.   The Complaint Fails to Plausibly Allege that the Post Republished the Article with Actual Malice.

Dr. Malone also limits the purported support for his republication claim, *see* Compl. ¶ 19(f), to a single sentence asserting that the Post "republishe[d]" "a statement" after he supposedly notified the Post of its falsity.  Opp. at 21-22.  But a conclusory claim that there was a republication does not make it so.  As the Post explained in its Motion, there are three independently sufficient reasons why there was no republication here.  *See* Mtn. at 26-27.  As a matter of law, a hyperlink cannot constitute a republication; Dr. Malone failed to plausibly allege that the journalist responsible for the supposed republication had any knowledge of his demand letter; and Dr. Malone failed to plausibly allege that the demand letter would have given the journalist any reason to doubt his reporting.  Dr. Malone has no response to any of these arguments.

### D.   Fourth Circuit Precedent Forecloses Dr. Malone's Libel by Implication Claim.

The First Amendment requires a plaintiff to satisfy a heightened burden at the pleading stage for a defamation by implication claim.  *See Chapin*, 993 F.2d at 1092.  The Post explained why he had failed to make this "especially rigorous showing."  *See id.*; Mtn. at 27-29.

Dr. Malone argues in response that the Supreme Court of Virginia "considered and expressly rejected" a heightened pleading requirement for defamation by implication claims in *Pendleton v. Newsome*, 772 S.E.2d 759 (Va. 2015).  *See* Opp. at 23.  He is wrong.  As the Fourth

Circuit has explained, *Pendleton* is a private figure case that applies only in cases "*not* involving public figures, issues of public concern, or press." *Agbapuruonwu*, 821 F. App'x at 241 (emphasis added). Indeed, the *Pendleton* court expressly cautioned that, in that case, "the plaintiff was *not* a public figure, the defendants were employed by government agencies but were *not* officials generally known, the publicity attending the subject matter lasted only a few days, and the freedom of the press [was] in *no way* impacted." 772 S.E.2d at 765 n.5 (emphasis added). But in cases like this one, involving public officials, issues of public concern, and the defendant is a member of the press, *Chapin* absolutely remains binding precedent. *See, e.g.*, *Agbapuruonwu*, 821 F. App'x at 241 (distinguishing *Pendleton*, and applying *Chapin*); *Lokhova v. Halper*, 995 F.3d 134, 145 (4th Cir. 2021) (citing *Chapin*); *Mirafuentes v. Estevez*, 2015 WL 8177935, at *4 (E.D. Va. Nov. 30, 2015) (same). Indeed, it is precisely in these cases that "the constitutional protection of the press reaches its apogee." *Chapin*, 993 F.2d at 1092; *Edwards*, 378 F. Supp. 3d at 507 n.19 (same).

Beyond this argument, Dr. Malone simply asserts that he "states facts which show that [the Post] intended or endorsed the defamatory implication." Opp. at 23. But he fails to offer any reasoning to support this argument; he cites only two paragraphs in the Complaint, Compl. ¶¶ 10, 23, which are insufficient "[t]hreadbare recitals of the elements." *Iqbal*, 556 U.S. at 678.

## II.   The Complaint Fails To State a Claim for Insulting Words.

Dr. Malone does not contest that his insulting words claim cannot survive dismissal of his defamation claim because they are "virtually co-extensive" causes of action. *Potomac Valve & Fitting Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1284 (4th Cir. 1987); *see* Mtn. at 29.

The Post also argued that Dr. Malone's claim for insulting words fails for the independent reason that the statements would not "tend to violence and breach of the peace." Va. Code Ann. § 8.01-45; *see* Mtn. at 29-30. Dr. Malone cites several cases holding that an allegation that the

plaintiff is a liar or a criminal can support a claim for insulting words. Opp. at 24-26. But here, the Post did not accuse Dr. Malone of being a liar or acting in bad faith. *See* Mtn. at 28-29.

Dr. Malone's opposition cannot show that the statements "present[ed] a clear and present danger of a violent physical reaction." *Goulmamine v. CVS Pharmacy, Inc.*, 138 F. Supp. 3d 652, 667, 669 (E.D. Va. 2015). Dr. Malone's own authority proves this point. For example, *Waddle v. Claughton*, 2019 WL 1049388, at *5 (W.D. Va. Mar. 5, 2019), involved an allegation that the plaintiff had committed theft. By contrast, there are no allegations here that Dr. Malone engaged in any criminal activity. That the Post's reporting "may have upset" Dr. Malone does not mean that it would "prompt a violent reaction." *Jackson v. Middle Peninsula N. Neck Cmty. Servs. Bd.*, 2017 WL 216701, at *4 (E.D. Va. Jan. 18, 2017). The insulting words claim should be dismissed.

## III. The Post Is Immune from Suit Pursuant to Virginia Law.

Dr. Malone's lawsuit claiming that he is entitled to $50 million in damages because the Post described his anti-vaccine message as "discredited," "misinformation," and a "public health risk" is a quintessential example of a Strategic Lawsuit Against Public Participation, "SLAPP" suit. *See* Mtn. at 30. In Virginia, such lawsuits are barred by a statutory immunity pursuant to 8.01-223.2(A). Dr. Malone's attempts to dodge the clear thrust of the statute are unpersuasive.

First, Dr. Malone argues that the statutory immunity does not apply to statements made with "actual or constructive knowledge" of falsity by the defendant. Opp. at 26. That is true. But here, Dr. Malone has failed to make a plausible showing that the Post had such knowledge. *See* Mtn. at 30. Dr. Malone's only response is to say that he alleged that the Post "had actual knowledge." Opp. at 26. That conclusory assertion is plainly insufficient. As the Post explained *supra*, Dr. Malone failed to plausibly allege that the Post acted with knowledge of falsity.

Second, Dr. Malone argues that the jury must determine whether he made a sufficient allegation as to the Post's knowledge. Opp. at 27. But that argument cannot be reconciled with

the statutory text, which provides that "[a]ny person *who has a suit against him dismissed* . . . pursuant to the immunity provided by this section may be awarded reasonable attorney fees and costs." Va. Code Ann. § 8.01-223.2 (emphasis added). Thus, the statute, on its face, contemplates that immunity can apply at the pleadings stage. And this rule makes sense, given that the purpose of the statute is to "weed out and deter" such lawsuits, which can otherwise chill free speech. *See, e.g.*, *Fairfax*, 2 F.4th at 296. Thus, in *Fairfax*, the trial court granted the defendants' motion to dismiss, holding that plaintiff failed "to allege facts that make plausible" that the statements were outside the immunity conferred under section 8.01-223.2. 534 F. Supp. 3d at 596.

Finally, Dr. Malone argues in a footnote that the Court should not award fees because it might discourage other plaintiffs from filing suit. Opp. at 27 n.10. That argument is inapposite here, because Dr. Malone is not an ordinary defamation plaintiff. Rather, he is a serial defamation litigant, with three cases recently filed against his critics. *See* Mtn. at 5-6. And he is represented by a lawyer who has sued the Post three times in the past two years as well. *See Nunes v. WP Co., LLC*, 2020 WL 2616707 (E.D. Va. May 22, 2020); *Nunes v. WP Co., LLC*, 513 F. Supp. 3d 1 (D.D.C. 2020). The Post appreciates that fee-shifting is ultimately discretionary under the statute. *See* Va. Code § 8.01-223.2(B). However, this is precisely the kind of case where Anti-SLAPP fee shifting is appropriate, consistent with the statutory design to "weed out and deter" such lawsuits from litigants who are attempting to use litigation to cudgel their critics in the public sphere, *Fairfax*, 2 F.4th at 296, particularly on an issue of such vital importance as vaccination in a pandemic. Indeed, courts have awarded fees under far less extreme circumstances. *See, e.g.*, *Will Nesbitt Realty, LLC v. Jones*, 2018 WL 2035956, at *16 (Va. Cir. Ct. Apr. 30, 2018).

## CONCLUSION

The Court should dismiss the Complaint with prejudice, and pursuant to Virginia's Anti-SLAPP statute, Va. Code § 8.01-223.2(B), award the Post its reasonable attorneys' fees and costs.

Dated:  December 12, 2022               Respectfully submitted,

                                        WILLIAMS & CONNOLLY LLP

                                        By:     /s/ *Perry F. Austin*

                                        Thomas G. Hentoff (*pro hac vice*)
                                        Nicholas G. Gamse (*pro hac vice*)
                                        Perry F. Austin (VSB No. 93373)

                                        680 Maine Avenue, SW
                                        Washington, DC 20024
                                        Telephone: (202) 434-5000
                                        Facsimile: (202) 434-5029
                                        paustin@wc.com

                                        *Counsel for WP Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, I electronically filed the foregoing Reply Memorandum of Law in support of the Washington Post's Motion to Dismiss with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to registered CM/ECF participants.

/s/ *Perry F. Austin*
*Counsel for WP Company LLC*